UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PEDRO BORREGO PINO,

      Petitioner,

   v.
                        Case No. 2:26-cv-1860-JES-NPM

U.S IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

      Respondents.

_____

## OPINION AND ORDER

Petitioner Pedro Borrego Pino initiated this action on April 21, 2026 by filing a 28 U.S.C. § 2241 petition for writ of habeas corpus in the District Court for the Southern District of Florida. (Doc. 1). In his petition, he sought either release from immigration custody or an individualized bond hearing. (Id.) On June 3, 2026, the Southern District of Florida transferred the petition to this Court. (Doc. 6). After filing his original petition—but before it was transferred here—Borrego Pino filed another petition in Middle District of Florida case number 2:26-cv-1236-KCD-NPM. Judge Dudek granted relief in the latter-filed case, and Borrego Pino was released from custody on an order of supervision after receiving a bond hearing. (Doc. 12 at 1).

Respondents now assert that Petitioner has already received the relief sought in this petition. Thus, they argue, it is now moot. (Id.) The Court agrees.

Federal courts have limited jurisdiction.   Under Article III of the Constitution, our power extends only to actual "Cases" and "Controversies."   Id.   We do not issue advisory opinions or decide questions that have become academic.   See, e.g., Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).

Here, Borrego Pino asked this Court for a writ of habeas corpus to secure his release from detention.   But his custody ended when he was released under an order of supervision.   Thus, the condition he sought to escape no longer exists, and the habeas petition is moot.   Djadju v. Vega, 32 F.4th 1102, 1107 (11th Cir. 2022); see also Salmeron-Salmeron v. Spivey, 926 F.3d 1283, 1289 (11th Cir. 2019) ("As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody.").

No exception to the mootness doctrine applies here.   A case may survive if a petitioner suffers from collateral consequences of the detention—some concrete injury that persists even after release.   But Borrego Pino's habeas petition challenges only his detention without a bond hearing. He does not argue any continuing injury from his prior detention that this Court can now remedy. See Djadju, 32 F.4th at 1107 ("So where a habeas petitioner has been released from detention—when, for example, he is removed from the country—and he has not raised a challenge to a collateral consequence, we've held that his appeal of the denial of his habeas petition has become moot.").

There is also an exception for cases that are "capable of repetition, yet evading review." Al Najjar, 273 F.3d at 1339. But this applies only in "exceptional situations" where there is a "demonstrated probability" that the same controversy will happen again to the same person. Id. That is not the case here. The probability that Borrego Pino will be re-detained and denied a bond hearing is too remote to sustain federal jurisdiction. See, e.g., Mehmood v. United States Att'y Gen., 808 F. App'x 911, 913 (11th Cir. 2020). Moreover, he can file a new habeas petition should that occur.

Borrego Pino is no longer in ICE custody. There is no live controversy left to adjudicate, and the Court is powerless to grant relief for a detention that has already ended. See Zapeta v. Exec. Dir. of the Fla. Div. of Emergency Mgmt., No. 2:25-CV-00697-JLB-KCD, 2025 WL 2432501, at *3 (M.D. Fla. Aug. 22, 2025).

Accordingly, it is hereby **ORDERED**:

1.    Pedro Borrego Pino's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** as moot.

2.    The Clerk is **DIRECTED** to terminate all deadlines, deny any pending motions, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 12, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

3